THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICAH HINES, Appellant, v MARK BRADT, as Superintendent of Elmira Correctional Facility, Respondent. [926 NYS2d 735]—

Malone Jr., J.

Petitioner commenced the present proceeding to challenge the legality of his imprisonment beyond the expiration of a time assessment levied for a violation of the conditions of his postrelease supervision. Petitioner's most recent conviction, for which he was sentenced to a prison term of five years to be followed by five years of postrelease supervision, dates to August 2004. At that time, he had a number of unexpired sentences—both determinate and indeterminate—to which he was also subject and, upon his commitment, the Department of Correctional Services (hereinafter DOCS) calculated a maximum expiration date of November 20, 2008 for his aggregate maximum term of imprisonment (see Penal Law § 70.25 [2-a]; § 70.30 [1]). Petitioner was conditionally released on February 29, 2008 (see Penal Law § 70.40 [1] [a] [iv])—with eight months and 20 days remaining on his aggregate maximum term of imprisonment—and began serving his five-year term of postrelease supervision (see Penal Law § 70.45 [5] [a]). Petitioner subsequently violated the terms of his release in May 2008 and was taken into custody that November. A revocation hearing was convened (see Executive Law § 259-i [3] [f] [x]), at the conclusion of which a 12-month time assessment was imposed.* Petitioner was returned to the custody of DOCS with an estimated expiration date for his time assessment of November 5, 2009.

In anticipation of the expiration of his 12-month time assessment, petitioner appeared before the Board of Parole in

---

* Having been conditionally released to a period of postrelease supervision (see Penal Law § 70.40 [1] [b]; § 70.45 [5] [a]), it appears that at the revocation hearing, petitioner could have been considered either a conditional releasee for purposes of Executive Law § 259-i (3) (f) (x) (C) or a person released to a period of postrelease supervision for purposes of Executive Law § 259-i (3) (f) (x) (D).

September 2009, following which the Board denied him release at the expiration of his time assessment and ordered a six-month hold. Following a second denial in February 2010 accompanied by a 24-month hold, petitioner commenced this CPLR article 70 proceeding challenging the legality of his incarceration. Supreme Court denied his application without a hearing, prompting this appeal.

Petitioner asserts that the Board had no discretionary authority over his release following the expiration of his time assessment and that he should have been released once the 12-month assessment was completed. Relying on *People v Buss* (11 NY3d 553 [2008]), respondent argues that the aggregation of petitioner's determinate and indeterminate sentences pursuant to Penal Law § 70.30 (1) created a single sentence that subjects petitioner to the discretionary authority of the Board for the duration of his sentence, including his period of postrelease supervision. For the reasons that follow, we disagree with respondent and, therefore, reverse Supreme Court's judgment and grant the writ.

Initially, unlike in *Buss*, where there was no statutory guidance directly on point (*id.* at 557), here a comprehensive statutory scheme governs terms of imprisonment, parole, conditional release and release to postrelease supervision, including, importantly, how the calculation, service and satisfaction of each of these impacts the calculation, service and satisfaction of the others (*see generally* Penal Law §§ 70.30, 70.40, 70.45). Accordingly, we are unpersuaded by respondent's contention that *Buss* is controlling authority under the present circumstances.

At the time he began serving his 12-month assessment, petitioner had less than 12 months of time remaining on his aggregate maximum term of imprisonment, as that sentence had been held in abeyance during his February 2008 release to postrelease supervision (*see* Penal Law § 70.45 [5] [a]). Once returned to the custody of DOCS to serve his time assessment, the remaining portion of petitioner's aggregate maximum term of imprisonment began to run (*see* Penal Law § 70.45 [5] [d]). Petitioner "complet[ed] . . . the maximum or aggregate maximum term of [his] sentence or sentences of imprisonment"—by DOCS' own calculation—in July 2009, thus leaving the balance of petitioner's 12-month assessment to be served solely pursuant to the period of postrelease supervision (Penal Law § 70.45 [5] [d]). Consequently, at the expiration of the 12-month time assessment in November 2009, the Board had no discretionary authority over his release (*compare* Executive Law § 259-i [3] [f] [x] [D] *with* § 259-i [3] [f] [x] [C]; *see generally*

§ 259-c [1]; Penal Law § 70.40 [1] [a]), and petitioner's continued incarceration was and is illegal.

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, writ of habeas corpus granted, and the Department of Correctional Services is ordered to immediately release petitioner.